UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA GUZMAN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-07-366 |
| | § | |
| BURL SMITH, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on the be considered Defendants' Rule 12(b)(6) Motion to Dismiss (D.E. 15), Defendants' Motion for a <u>Schultea</u> Statement (D.E. 17, ¶¶ 63-64; D.E. 28, ¶¶ 60-62), Defendants' Motion to Limit Discovery (D.E. 17, ¶ 65; D.E. 28, ¶ 63), and Defendants' Rule 12(e) Motion for a More Definite Statement (D.E. 16). For the reasons discussed below:

(1) Defendants' Rule 12(b)(6) Motion to Dismiss is DENIED in part and deemed MOOT in part;

(2) Defendants' Motion for a <u>Schultea</u> Statement is GRANTED in part and DENIED in part;

(3) Defendants' Motion to Limit Discovery is GRANTED; and

(4) Defendants' Rule 12(e) Motion for a More Definite Statement is DENIED in part and deemed MOOT in part.

**I.    Jurisdiction**

The Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §1331 because Plaintiff brings suit pursuant to 42 U.S.C. § 1983.

**II.    Procedural Background**

On September 14, 2007, Plaintiffs, Maria Guzman and Cirilo Ramirez, *individually and as representative of the estate of Miguel Angel Ramirez*, filed their original complaint with the

Court, naming as Defendants Nueces County, Texas, and Officer Burl Smith, *individually and in his official capacity*. (D.E. 1.) In their complaint, Plaintiffs alleged:

(1) Claims against all Defendants pursuant to 42 U.S.C. §1983 based on the use of excessive force and medical indifference (Id., ¶¶ 17-30);

(2) Claims against all Defendant pursuant to the Texas Tort Claims Act (Id., ¶¶ 31-36);

(3) Claims against all Defendants pursuant to the Texas Wrongful Death Statute and Survival Statutes (Id., ¶¶ 31-36); and

(4) A claim against Defendant Smith for assault and battery pursuant to Texas state law (Id., ¶¶ 37-40).

On November 16, 2007, Defendants filed a Rule 12(b)(6) Motion to Dismiss, seeking dismissal of (1) all claims against Defendant Burl Smith, (2) all claims brought by the Estate of Miguel Angel Ramirez pursuant to the Texas Wrongful Death Act, and (3) all claims brought against Nueces County pursuant to the Texas Wrongful Death Act. (D.E. 15.) Defendants also filed a Rule 12(e) Motion for a More Definite Statement (D.E. 16), a Motion for a Schultea Statement (D.E. 17, ¶¶ 63-64), and a Motion to Limit Discovery (D.E. 17, ¶ 65).

On December 17, 2007, Plaintiffs filed a first amended complaint with the Court. (D.E. 26.) Plaintiffs modified their complaint to allege only:

(1) Claims against all Defendants pursuant to 42 U.S.C. §1983 based on the use of excessive force and medical indifference (Id., ¶¶ 16-29); and

(2) A claim against Defendant Smith for assault and battery pursuant to Texas state law (Id., ¶¶ 30-33).

### III.  Factual Background

Plaintiffs allege the following facts in their complaint:

On June 7, 2007, Miguel Angel Ramirez was walking down the median of I-37 between Southern Minerals Road and Corn Products Road in Corpus Christi, Texas, carrying a machete in

a sheath on his belt. (D.E. 26, ¶¶ 8-9.) Ramirez was walking in the emergency lane next to a concrete barrier, away from passing traffic. (Id., ¶ 8.) Passing motorists alerted the police to Ramirez's presence. (Id.) The motorists described Ramirez as "someone who needed serious help because he appeared to be talking to himself." (Id.)

Defendant Burl Smith, an officer with the Nueces County Sheriff's Department, arrived at the scene and confronted Ramirez. (Id.) As Defendant Smith approached Ramirez, he began to pepper spray Ramirez in the face. (Id., ¶ 9.) After spraying Ramirez, Defendant Smith jumped over the concrete barrier, placing himself on the same side of the barrier as Ramirez. (Id.) Defendant Smith then fired warning shots over Ramirez's head in an attempt to subdue him. (Id., ¶ 10.) When neither the pepper spray nor the warning shots achieved Defendant Smith's desired results, Defendant Smith aimed his gun at Ramirez and fired. (Id., ¶ 11.) Defendant Smith unloaded thirteen rounds into Ramirez's body, killing him. (Id.)

At no time during the incident did Defendant Smith call for back-up or request medical personnel to assist him in his dealings with Ramirez. (Id., ¶ 10.) Rather, Defendant Smith sought only to subdue Ramirez himself. (Id., ¶ 8.)

## IV.   Discussion

### A.   Defendant's 12(b)(6) Motion to Dismiss

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss (1) all claims against Defendant Burl Smith, (2) all claims brought by the Estate of Miguel Angel Ramirez pursuant to the Texas Wrongful Death Act, and (3) all claims brought against Nueces County pursuant to the Texas Wrongful Death Act. (D.E. 15.) For the reasons discussed below, Defendants' motion is DENIED in part and deemed MOOT in part.

### 1. Claims Against Defendant Burl Smith

Defendants argue that, pursuant to Texas Practice and Remedies Code §101.106, Plaintiffs' claims against Defendant Burl Smith are forever barred. (D.E. 27, ¶ 6.) Defendants rely on the following statutory language as the basis for their argument:

> The filing of a suit under this chapter [*i.e.*, the Texas Tort Claims Act] against a governmental unit constitutes an irrevocable election by the plaintiff and *immediately and forever bars any suit or recovery by the plaintiff against any individual employee* of the governmental unit regarding the same subject matter.
>
> If a suit is filed under this chapter against both a governmental unit and any of its employees, *the employees shall immediately be dismissed* on the filing of a motion by the governmental unit.

Tex. Prac. and Rem. Code §101.106 (a), (e) (emphasis added). Defendants argue that, because Plaintiffs filed Texas Tort Claims Act claims against both Nueces County and Defendant Smith, Plaintiffs are forever barred from bringing "*any* suit or recovery" against Defendant Smith. Tex. Prac. and Rem. Code §101.106 (a) (emphasis added).

The Fifth Circuit has expressly rejected Defendants' argument. In Meadours v. Ermel, 483 F.3d 417, 424 (5th Cir. 2007), the Fifth Circuit held that section 101.106 does not apply to claims that fall outside the scope of the Texas Tort Claims Act. Specifically, the court stated:

> Texas Civil Practice and Remedies Code §101.106(a) does not bar Plaintiffs' suit [alleging intentional torts pursuant to Texas state law] in this case. That statute, barring suits against governmental employees if plaintiffs bring suit against the governmental unit, *does not apply to intentional torts*.

Meadours, 483 F.3d at 424 (citing Tex. Civ. Prac. & Rem. Code §101.057(2) (excluding from the entire chapter claims "arising out of assault, battery, false imprisonment, or any other intentional tort")) (emphasis added). Based on this precedent, it is clear that section 101.106 does not bar Plaintiffs' claims against Defendant Smith for assault and battery. Neither does it

bar Plaintiffs' §1983 claims against Defendant Smith, as these claims fall outside the purview of the Texas Tort Claims Act as well.

Based on the foregoing, section 101.106 bars only Plaintiffs' claims against Defendant Smith brought pursuant to the Texas Tort Claims Act. Plaintiffs voluntarily dismissed all of their Texas Tort Claims Act claims against Defendants by removing them from their first amended complaint. (D.E. 26.) Thus, Defendants' motion to dismiss Plaintiffs' claims against Defendant Smith under the Texas Tort Claims Act is deemed MOOT, and Defendants' motion to dismiss all other claims against Defendant Smith is DENIED.

### 2. Texas Wrongful Death Act Claims

Defendants moved to dismiss (1) all claims brought by the Estate of Miguel Angel Ramirez pursuant to the Texas Wrongful Death Act, and (2) all claims brought against Nueces County pursuant to the Texas Wrongful Death Act. (D.E. 15.) Plaintiffs, however, voluntarily dismissed these claims by removing them from their first amended complaint. (D.E. 26.) Thus, Defendants' motion to dismiss these claims is deemed MOOT.

### B. Defendants' Motion for a Schultea Statement

In Defendants' answers to Plaintiffs' original and first amended complaints, Defendants move for a Schultea statement. (D.E. 17, ¶¶ 63-64; D.E. 28, ¶¶ 60-62.) For the reasons discussed below, Defendants' motion for a Schultea statement is GRANTED in part and DENIED in part.

In Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) (en banc), the Fifth Circuit addressed the pleading requirements in 42 U.S.C. §1983 suits against individual government officials. The court held that:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may … require the plaintiff to reply to that defense in

> detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations … Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist.

Id. at 1433-34; Morin v. Caire, 77 F.3d 116, 121-2 (5th Cir. 1996) (stating that the trial court generally must insist that the plaintiff file a reply tailored to an answer pleading the defense of qualified immunity). This so-called Schultea reply must "allege[] with particularity all material facts on which [plaintiff] contends [he] will establish [his] right to recovery … includ[ing] detailed facts supporting the contention that the plea of immunity cannot be sustained." Warnock v. Pecos County, 116 F.3d 776, 779 (5th Cir. 1997) (quoting Elliott v. Perez, 751 F.2d 1472, 1482 (5th Cir. 1985); see also Schultea, 47 F.3d at 1434 (embracing "the practical core" of Elliott). In other words, plaintiff must allege facts sufficient to demonstrate that (1) defendant violated a constitutional right, and (2) defendant's conduct was objectively unreasonable in light of clearly established law. Santiago v. City of Houston, 232 Fed. Appx. 381, 383-384 (5th Cir. 2007) (citing McClendon v. City of Columbia, 305 F.3d 314, 322-23 (5th Cir. 2002)) ("To determine whether a public official is entitled to qualified immunity, the court asks (1) whether the plaintiff has alleged a violation of a constitutional right and (2) whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident.").

### 1. Plaintiffs' Excessive Force Claim

Plaintiffs have alleged facts in their first amended complaint sufficient to obviate the need for a Schultea statement with respect to their §1983 excessive force claim. (D.E. 26, ¶¶ 8-11.)

To prevail on a §1983 claim based on the use of excessive force, Plaintiffs must show that Ramirez was seized and that he "'suffered (1) an injury that (2) resulted directly and only

from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable.'" Ballard v. Burton, 444 F.3d 391, 402 (5th Cir. 2006) (quoting Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004); Goodson v. City of Corpus Christi, 202 F.3d 730, 740 (5th Cir. 2000)). "'The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" Ballard, 444 F.3d at 402 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

Plaintiffs have alleged that Ramirez posed no threat to Defendant Smith or the public, but rather was merely confused, agitated, and in need of medical care. (D.E. 26, ¶ 8.) They assert that Defendant Smith, acting with deliberate disregard for Ramirez's condition, shot him no less than thirteen times, killing him. (Id., ¶¶ 9-11.) These allegations, if true, demonstrate that Defendant Smith's use of force caused Ramirez harm, was "excessive to the need," and was objectively unreasonable. See Ballard, 444 F.3d at 402. Plaintiffs have, thus, alleged facts sufficient to demonstrate that (1) Defendant Smith violated a constitutional right, and (2) Defendant Smith's conduct was objectively unreasonable in light of clearly established law. Santiago, 232 Fed. Appx. at 383-384.

### 2. Plaintiffs' Medical Indifference Claim

Plaintiffs have not, however, alleged sufficient facts to obviate the need for a Schultea statement with respect to their § 1983 medical indifference claim. (D.E. 26.)

"[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement." Jacobs v. West Feliciana Sheriff's Dep't, 228 F.3d 388, 393 (5th Cir. 2000) (quoting Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996)). "*No general right to medical care exists*; such a right has been

found only where there exists *a special custodial or other relationship between the person and the state*." Kinzie v. Dallas County Hosp. Dist., 106 Fed. Appx. 192, 195 (5th Cir. 2003) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976); City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 1983)) (emphasis added).

Plaintiffs have identified no special custodial or other relationship between Ramirez and the state giving rise to a right to medical care. For this reason, Defendants' Motion for a Schultea Statement with respect to Plaintiffs' §1983 medical indifference claim is GRANTED. Plaintiffs are ORDERED to submit a more definite statement of their claim, setting forth the relationship between Ramirez and the state giving rise to Ramirez's right to medical care, by January 25, 2008.

### C. Defendants' Motion to Limit Discovery

Defendants also move to limit discovery from Defendant Smith to issues regarding Defendant Smith's defense of qualified immunity. (D.E. 17, ¶ 65; D.E. 28, ¶ 63.) For the reasons discussed below, Defendants' motion is hereby GRANTED.

It is appropriate for the Court to limit discovery to the issue of qualified immunity, because "[t]he protection afforded by the [qualified immunity] defense is an immunity from suit, not simply immunity from liability. Consequently, we have long held that questions regarding qualified immunity are resolved on the face of the pleadings and with limited resort to pre-trial discovery." Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994) (internal quotations and citations omitted); see also Wicks, 41 F.3d at 995 (5th Cir. 1995) (citing Jacquez v. Procunier, 801 F.2d 789, 791 (5th Cir. 1986)) (same); Enlow v. Tishomingo County, Miss., 962 F.2d 501, 505 (5th Cir. 1992) (emphasis added) ("generally, questions regarding qualified immunity are resolved on the face of the pleadings and with *limited*, if any, resort to pre-trial discovery"); Lion Boulos v.

Wilson, 834 F.2d 504, 507 (5th Cir. 1987) (allowing discovery on factual issues central to a defendant's immunity claim, but holding that "[d]iscovery designed to flesh out the merits of a plaintiff's claim before a ruling on the immunity defense" would be impermissible as overly broad).

The Court, thus, ORDERS that, with respect to Defendant Smith, discovery shall be limited to the issue of qualified immunity for a period of sixty (60) days from the date of this Order.  During this period, general discovery may continue with respect to Defendant, Nueces County, Texas.

### D.      Defendants' Rule 12(e) Motion for a More Definite Statement

Defendants move pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement.  (D.E. 16.)   Specifically, Defendants request additional information related to Plaintiffs' Tort Claims Act claims and Plaintiffs' §1983 claims.  For the reasons discussed below, Defendants motion is DENIED in part and deemed MOOT in part.

Rule 12(e) states that, where "a pleading … is so vague or ambiguous that [a] party cannot reasonably prepare a response," the party may "move for a more definite statement." Fed. R. Civ. P. 12(e).  "'[A] motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail.'"  Davenport v. Rodriguez, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001) (quoting Frazier v. Southeastern Pennsylvania Transp. Auth., 868 F. Supp. 757, 763 (E.D. Pa. 1994)).

Plaintiffs voluntarily dismissed their Tort Claims Act claims against all Defendants rendering Defendants' argument with respect to these claims MOOT.  With respect to Plaintiffs' §1983 claims, the Schultea Statement required above will provide the necessary clarity. Otherwise, Plaintiffs complaint is neither "unintelligible," nor "so vague and ambiguous that

[Defendants] cannot reasonably prepare a response." <u>Davenport</u>, 147 F. Supp. 2d at 639; Fed. R. Civ. P. 12(e).

### IV.   Conclusion

Based on the foregoing:

(1) Defendants' Rule 12(b)(6) Motion to Dismiss is DENIED in part and deemed MOOT in part;

(2) Defendants' Motion for a <u>Schultea</u> Statement is GRANTED in part and DENIED in part;

   a. Plaintiffs are ORDERED to submit a more definite statement of their §1983 medical indifference claim, setting forth the relationship between Ramirez and the state giving rise to Ramirez's right to medical care, by January 25, 2008.

(3) Defendants' Motion to Limit Discovery is GRANTED;

   a. The Court ORDERS that, with respect to Defendant Smith, discovery shall be limited to the issue of qualified immunity for a period of sixty (60) days from the date of this Order. During this period, general discovery may continue with respect to Defendant, Nueces County, Texas.

(4) Defendants' Rule 12(e) Motion for a More Definite Statement is DENIED in part and deemed MOOT in part.

SIGNED and ORDERED this 18th day of January, 2008.

_____
Janis Graham Jack
United States District Judge